UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN KING,

        Plaintiff,                              Case Number 09-14851
                                                        Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING
TO COMMISSIONER FOR FURTHER CONSIDERATION**

The plaintiff filed the present action on December 14, 2009 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment to affirm the decision of the Commissioner. Magistrate Judge Morgan filed a report on September 29, 2010 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, the decision of the Commissioner be affirmed, and the plaintiff's complaint be dismissed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties'

submissions. In his objections, the plaintiff contends that magistrate judge improperly credited the Administrative Law Judge's (ALJ) findings when they were not supported by substantial evidence in the record. The plaintiff argues that the magistrate judge's conclusion that the ALJ was not required to afford any weight to the Veterans' Affairs Agency's determination is erroneous, and the finding that the ALJ properly discredited the plaintiff's and his treating doctors' opinions was not supported by the record or the existing applicable law. The plaintiff also argues that the ALJ's reasons for discounting the plaintiff's credibility have no record support. The plaintiff contends that the ALJ's hypothetical question to the vocational expert did not include a proper description of all the plaintiff's limitations and therefore the witness's response did not furnish substantial evidence that the plaintiff could engage in substantial gainful employment. The plaintiff also argues that the evidence in the plaintiff's medical records indicates that he suffered from pain, stiffness, and swelling in his hands and would not be capable of performing the functions of a sorter, packager, or assembler, as the vocational expert suggested.

The plaintiff, who is now fifty-one years old, filed his application for DIB and a period of disability on January 30, 2007 when he was forty-seven. He completed one year of college and military training and later worked as a platoon sergeant and tank commander in the United States Army from April 4, 1981 through April 30, 2002. Thereafter, he worked for a waste management company doing disposal work from 2002 to 2004, and then in construction before he discontinued working in June 2006. The record shows that the plaintiff suffered from diabetes, high blood pressure, high cholesterol, arthritis, osteoporosis, depression, physical pain and fatigue, and had experienced a mild heart attack. The plaintiff first began experiencing symptoms of rheumatoid arthritis in early February 2000, when he was diagnosed with that disease. He continued to work

until June 1, 2006. His medical history since 2000 is one of conservative treatment with medication and regular appointments and tests with treating specialists.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On April 16, 2009, he appeared before ALJ Patricia S. McKay when he was forty-nine years old. ALJ McKay filed a decision on May 20, 2009 in which she found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff had not engaged in substantial gainful activity since June 1, 2006, the alleged onset date (step one); the plaintiff suffered from rheumatoid arthritis, mild peripheral neuropathy, lumbar degenerative disc disease with osteoporosis, obesity, and depression, impairments that are considered "severe" under the Social Security Act, plus several impairments that were not considered severe (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff was unable to perform any past relevant work, which was found to be semi-skilled and required medium exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work. The ALJ found that the plaintiff would be able to climb stairs, crouch, crawl, kneel, stoop, bend, or balance for up to one-third of an eight hour work day; and could use his lower extremities for foot controls or upper extremities for reaching, gripping, grasping, fingering, or feeling for up to six hours in an eight hour work day. The ALJ also concluded that he should have a sit/stand option, could do routine and repetitive tasks, and should not be closely supervised, but should avoid production line work. A vocational expert testified that the plaintiff would be able to perform the requirements of representative occupations such as sorting,

packaging, and assembly, for which there exist 5,500 jobs in the southeastern Michigan region. Based on these finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.28 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on November 5, 2009.

The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990).

Under 42 U.S.C. § 423(d)(1)(A)-(2)(A), a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Further, "[a] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine disability, the Commissioner has prescribed the five-step process noted above and set forth in 20 C.F.R. § 404.1520. However, if the plaintiff has satisfied his burden through the first four steps of the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987); *see also Allen v.*

*Califano,* 613 F.2d 139, 145 (6th Cir. 1980). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotation marks, alterations, and citations omitted).

The Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614-15 (6th Cir. 2003). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The Sixth Circuit has stated that the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Therefore, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Court has reviewed the record and is satisfied that the magistrate judge properly disposed of the issues raised by the plaintiff in his appeal, save one: the ALJ's lack of consideration

of the determination by the Department of Veterans Affairs (VA) that the plaintiff has a 100% permanent disability. The magistrate judge thoroughly discussed the other issues and concluded that the ALJ's credibility determinations, refusal to accept the opinions of treating sources, consideration of the plaintiff's mental impairment, and hypothetical question to the vocational expert were supported by substantial evidence. The Court comes to the same conclusion on these points and adopts the magistrate judge's discussion of them.

However, the Court finds significant the fact that the VA determined that the plaintiff was totally and permanently disabled. *See* Tr. 138. The record is not very well developed on this point. However, it appears that the ALJ gave this evidence no consideration at all, except to cite the regulation that states that another agency's disability determination does not bind the Commissioner. *See* 20 C.F.R. § 404.1504 ("[A] determination made by another agency that you are disabled or blind is not binding on us.").

The Sixth Circuit has observed that disability decisions of other governmental agencies should be taken into account. *See Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir. 1985) (reversing the Commissioner's denial of benefits decision and noting that "[i]t does seem somewhat strange that, in view of the allowance of Black Lung and Workers' Compensation benefits to Harold by those other responsible agencies, the Secretary would have the audacity to claim here that Harold was not disabled and could perform sedentary work of some kind and that he was not, therefore, entitled to Social Security benefits"). That court, however, has not addressed the question as to the weight the Commissioner must give to the disability determinations of the VA. In reversing a denial of benefits decision, the court in *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir. 1984), mentioned the fact that the VA found the plaintiff totally disabled, but it did not address the evidentiary

significance of that fact. *Id.* at 1068. However, no Sixth Circuit case has discussed the evidentiary value of such decisions or the weight that should be accorded them.

The plaintiff has observed, correctly, that most other circuits have recognized evidentiary value in disability determinations by the VA and required the Commissioner at least to discuss and give reasons for discounting them. In *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir. 2002), the Ninth Circuit adopted the majority rule "that although a VA rating of disability does not necessarily compel the SSA to reach an identical result . . . , the ALJ must consider the VA's finding in reaching his decision." *Id.* at 1076. The court noted that nine other circuits follow that rule, citing the following cases: *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (VA disability rating generally is entitled to "great weight" and "must be considered by the ALJ"); *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) (holding that "findings of disability by other federal agencies . . . are entitled to some weight and must be considered in the ALJ's decision"); *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." (quoting *Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979)); *Davel v. Sullivan*, 902 F.2d 559, 560 n.1 (7th Cir. 1990) (noting that VA's decision is "entitled to some weight" and should be considered by ALJ); *Kane v. Heckler*, 776 F.2d 1130, 1135 (3d Cir. 1985) (asserting that VA determination is entitled to "substantial weight"); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (noting that VA rating is entitled to"great weight"); *DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1 (4th Cir. 1983) (same); *Hankerson v. Harris*, 636 F.2d 893, 896-97 (2d Cir. 1980) (holding that VA rating entitled to "some weight"); *Fowler*, 596 F.2d at 603 (same). The *McCartey*

court included the Sixth Circuit in its count, citing *Harris v. Heckler*, but *Harris* does not support the proposition or represent a definitive statement in this circuit on this point.

The majority of circuits plainly requires some consideration by the Commissioner of VA disability determinations. The circuits differ on the weight that must be given, ranging from "substantial weight," *Kane*, 776 F.2d at 1135, to "great weight," *Brady*, 724 F.2d at 921, to "some weight," *Hankerson*, 636 F.2d at 896-97. However, the VA's decision is simply another fact that the ALJ must take into account when considering all the evidence. There may be good reason for a different outcome, such as an incongruity in the disability standards of the respective agencies, or the presentation of new or different evidence to one but not the other tribunal. The Court finds that the better approach is the one articulated by the Fifth Circuit in *Chambliss v. Massanari*:

> While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

*Chambliss*, 269 F.3d at 522.

That reasoning closely approximates the Sixth Circuit's general rule as to the manner ALJs must consider the evidence presented to them. *See Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) ("In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is 'substantial' only when considered in isolation. It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984))).

The ALJ wrote in her decision that she "does consider" the VA's determination, but she did not explain whether she accorded any weigh to it, and if not why not.  As mentioned above, there may be good reasons for disregarding the determination, but the Court on review is left to speculate on the ALJ's rationale in the absence of any meaningful discussion of the evidence.  It has been written that " [a] foolish consistency is the hobgoblin of little minds, adored by little statesmen and philosophers and divines."  Ralph Waldo Emerson, "Self Reliance" in *Essays: First Series* (1841).  However, for governments that must make decisions on the rights of individuals, a wise consistency may be a virtue.  Distinguishing between the two is not always an easy task.  It is an impossible task when the decision maker has not provided a clue to her reasoning or a justification for inconsistent results.

The record on the VA's disability determination has not been developed, and the Court cannot determine that substantial evidence supports the ALJ's determination.  That leaves the question whether further fact-finding is required, for "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  For the reasons cited above and in the magistrate judge's report, the Court does not find that factual issues are settled or that the plaintiff has established his entitlement to benefits.  The case must be remanded for further consideration of the evidence in light of a better-developed record of the VA disability determination.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

-9-

the correct law in reaching her conclusion, except on the issue of the ALJ's treatment of evidence of the VA's disability determination. The Court has considered all of the plaintiff's objections to the report and finds the objection on that sole ground to have merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #11] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiff's objection [dkt #12] to the part of the report dealing with the issue of evidence of the VA's disability determination is **SUSTAINED** and the balance of the objections are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt #9] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #10] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **REVERSED** and the case is **REMANDED** to the Commissioner for further consideration.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 28, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL